## In re JENNINGS.

(*Supreme Court, General Term, Second Department. May 14, 1888.*)

WILLS—CONSTRUCTION—WHEN LEGACY VESTS—TIME OF PAYMENT.

Under a will directing that, after the payment of certain legacies, the residue of testator's estate should be invested for the benefit of his widow, to whom the interest was to be paid during her life, and after her death the entire estate was to be divided into five equal shares, one of which was to be paid to testator's grandson, and, in case of his death, to his children, the legacy to the grandson vests upon the death of the testator; the time of payment being postponed to subserve the interests of testator's widow, and a judgment obtained against him in favor of the estate is properly deducted from the share to be paid to his children, he having died before the widow.

Appeal from surrogate's court, Westchester county; OWEN T. COFFIN, Surrogate.

Application for settlement of the accounts of Joseph G. Jennings as administrator with the will annexed of Samuel S. Barry, deceased. Wallace P. Hull and Mary B. Hull, children of William R. Hull, a deceased grandson of the testator, and William A. Parshall, their guardian, appeal from so much of the decree as charges their share of the estate with a judgment obtained

by the executor against their late father, and holds that judgment to be an offset against their share.

W. P. Platt, for appellants.    S. H. Thayer, for respondent.

DYKMAN, J. This proceeding was instituted before the surrogate for the settlement of the accounts of Joseph G. Jennings, the administrator with the will annexed of Samuel S. Barry, deceased, both of the executors named in the will being dead. By the last will and testament of Samuel S. Barry, deceased, he gave legacies to various persons, and, among others, to his grandson, William Robert Hull, who was to be paid $1,000 upon the decease of the testator. Then the residue of the estate was to be invested by the executors for the benefit of the widow of the testator, to whom the interest was to be paid during her natural life for her use and support. After the demise of the widow, the whole estate was to be equally divided into five parts, and one of such parts or portions was to be paid to William Robert Hull, and, in case of his death, to his children. He died before the widow, leaving children,e who are entitled to his portion; but he was indebted to the testator in his lifetime, and the executors obtained a judgment upon the claim, which was unpaid when the widow died, and, upon this accounting, the judgment was deducted from the share of the estate belonging to the children of the judgment debtor, and they have appealed from the decree, assigning such deduction for error. The appeal is from so much of the decree as charges the share of the appellants with the judgment against their father, and the only question involved in the appeal has reference to the legality of such charge. If the legacy to William R. Hull, which was to be paid from the residue of the estate after the death of the testator's widow, vested at the death of the testator, then the judgment against him was a proper charge against it, and was properly deducted upon the accounting. It was the evident intention of the testator to give all the legacies bequeathed by the will free from contingencies, and make them payable absolutely and unconditionally. The first class of legacies was payable immediately, and the second class, which was to be paid from the residue of the estate, was to be paid upon the division; the time of payment being thus postponed, for the convenience of the estate, to let in and subserve the interests of the widow. It is a plain case of a bequest of property to one for life, and after that to another, and the interest of the second legatee is vested, and not contingent. Our conclusion is that both the legacies to William R. Hull vested in him at the death of the testator, and that the deduction of the judgment was properly made upon the accounting. The portion of the decree of the surrogate appealed from should be affirmed, with costs.